THE CITY COUNCIL OF AUGUSTA, plaintiff in error, *vs.* THE NATIONAL BANK OF AUGUSTA, defendant in error.

THE CITY COUNCIL OF AUGUSTA, plaintiff in error, *vs.* THE PLANTERS' LOAN AND SAVINGS BANK, defendant in error.

(These cases were argued together, at the July Term, 1872, and the decision withheld until the January Term, 1873.)

1. The City Council of Augusta has the authority to levy and collect a tax upon all species of property within its corporate limits, subject to taxation by the general laws of the State, and no special power was required from the State to enable it to levy and collect all legal taxes upon the shares of the stockholders in the banks specified in the record. (R.)

2. There can be no discrimination in favor of any one species of property which is taxed over any other species of property taxed, but the

The City Council of Augusta *vs.* The National Bank of Augusta.

tax imposed must be *ad valorem*, and uniform on all species of property taxed.  (R.)

Injunction.   Constitutional law.   Taxation.   Before Judge GIBSON.   Richmond county.   At Chambers, July 25th, 1872.

For the facts of these cases, see the decision.

A. R. WRIGHT; W. H. HULL, for plaintiffs in error.

FRANK H. MILLER, for defendant.

WARNER, Chief Justice.

This was a bill filed by the National Bank of Augusta and the Planters' Loan and Savings Bank against the City Council of Augusta, praying for an injunction to restrain the defendants from collecting a tax levied on the shares of stock held and owned by the respective shareholders in the aforesaid banks, located in the city of Augusta, on the ground that the tax so levied was illegal, in this: that the shares of the respective stockholders in said banks were taxed one per cent., when bonds and notes and other moneyed capital, was only taxed one-fourth of one per cent.   The Court granted the injunction restraining the defendants from collecting the tax imposed, exceeding one-fourth of one per cent.; whereupon, the defendants excepted.   The complainants also excepted, because the Court held that they were liable to be taxed at all, under the City Ordinance of 30th December, 1871, and that the shares of the stockholders, in the National Bank especially, could not be taxed under the City Ordinance without special authority for that purpose had first been delegated by the State to the municipal corporation of the city.   In regard to the exceptions taken by the complainants to. the ruling of the Court, we find no error.

The City Council of Augusta have, unquestionably, the general power and authority, as has been repeatedly ruled by this Court, to levy and collect a tax upon all species of property

within its corporate limits, subject to taxation by the general laws of the State, and no special power or authority was required from the State to enable the city authorities to levy and collect all *legal* taxes upon the shares of the stockholders in the respective banks specified in the record: *Frederick vs. The City Council of Augusta*, 5 *Georgia Reports*, 561; *Pearce, Wheeles & Company vs. The City Council of Augusta*, 37 *Georgia Reports*, 597. The main question in this case involves the construction of the 27th paragraph of the 1st Article of the Constitution of 1868, which declares, " that taxation on property shall be *ad valorem*, only, and uniform on all species of property taxed." This is now the fundamental law of the State in regard to the taxation of property, either by the State authorities or municipal corporations, and the Courts are bound to enforce it, not only because it is right in principle, but because it is *the law*. There can be no discrimination in favor of any one species of property which is taxed, over any other species of property taxed, but the tax imposed must be *ad valorem*, and *uniform* on all species of property taxed. It necessarily follows, therefore, that the tax to be levied upon the shares of the stockholders in the respective banks mentioned in the record by the City Council of Augusta must be the same as that levied upon other property—that is to say, the tax on all species of property must be the same, in order to make it uniform, as required by the Constitution. A tax of one per cent. on the shares of the stockholders in the respective banks in the record mentioned, and a tax of one-fourth of one per cent. upon other capital, or other property taxed, is not a uniform tax, within the true intent and meaning of the Constitution. All species of property, when taxed, must be taxed *uniformly* and *ad valorem*, only. Why should the honestly acquired earnings of one man, when lawfully invested in bank stock, be taxed as property, at a higher rate of taxation than the honestly acquired earnings of another man, who has invested the proceeds of his labor in bonds, notes, land, or any other species of taxable property? Equality *is* equity, and when all species of taxable property shall be taxed

according to its value, at an uniform rate, then the necessary burden of taxation for the support and maintenance of either the State government or municipal governments of cities, will operate equitably and justly upon all.

One of the great evils of the day is the extravagant expenditure of money on the part of the State, municipal corporations and county organizations, and the levying extraordinary taxes on the property of the people to pay it. The people have not as much property now as they once had to be taxed, and the sooner that fact is realized and acted on, the better it will be for the welfare and prosperity of the State. Excessive taxation is an insidious but certain process for the exhaustion of the substance of any people, and we are not disposed to encourage it, when to do so would be to violate the fundamental law of the State.

Let the judgment of the Court below be affirmed.