MAYOR AND COUNCIL OF THE CITY OF ATHENS, plaintiff in error, vs. CRAWFORD W. LONG et al., defendants in error.

The charter of a municipal corporation gave it power to levy taxes, thus: "Full power and authority to levy and collect an annual tax of not exceeding one per centum upon the value of all property within the corporate limits of whatever kind, real or personal, which is or may be subject to taxation by the laws of this state:"

*Held*, that under this charter it was competent for the mayor and council to ex- .empt certain property from taxation altogether, provided that the tax laid be *ad valorem* and uniform·upon every species of property taxed, as provided for by article I., section 27 .of the constitution of the state.

Tax. Constitutional law. Municipal corporations. Before Judge RICE. Clarke Superior Court. August Term, 1874.

This case is sufficiently reported in the above head-note.

COBB, ERWIN & COBB; S. P. THURMOND; T. W. RUCKER, for plaintiff in error.

EMORY SPEER, for defendants.

McCAY, Judge.

The general rule that it is not competent for the judiciary department of the government to interfere with the legislative department in the exercise of the taxing power, except in cases where it is attempted to violate the *prohibitions* of the constitution, is undeniable. Nor can we give our assent to the proposition, however respectable the authority on which it rests, that the courts may set up their notions of equality and fairness, so as to control the legislature in its judgment when the constitution contains no restriction. It is impossible that taxes shall be absolutely equal, and if there be no constitutional rule, the discretion to determine the objects and the mode of taxation must necessarily be left with that branch of the government to which the people have entrusted the power

to tax. Our constitution, article I., section 27, provides that taxes shall be "*ad valorem* only and uniform upon every species of property taxed." The implication from these words is irresistible that it was contemplated that the legislature might see fit, in its wisdom, to exempt some property from taxation altogether. Had it been intended that all property should be taxed, the words would have been uniform upon all species of property, but when the word "taxed" is added, the meaning plainly is, that whilst the legislature may exempt certain property from taxation altogether, yet, upon whatever property a tax is laid, the same shall be by one uniform rate, according to its value. Another, the 28th section of this same article of the constitution, declares that the general assembly may confer "the taxing" power upon municipal corporations. Whatever taxing power the legislature has it may thus confer, and confer it as that body itself has it. Doubtless the general assembly may not choose to confer the whole taxing power on a municipal corporation, but very plainly it has the *power*, under this section, to confer the power to the same extent and with the same qualifications as that power exists in the legislature itself, so far as the locality of the corporation extends. At last, therefore, the only inquiry is: What has been done? How reads the charter? Its words are as follows: "The mayor and council of the city of Athens shall have full power and authority to levy and collect an annual tax of not exceeding one per centum upon the value of all the property within the corporate limits of said city, of whatever kind, real or personal, which is or may be subject to taxation by the laws of this state." The terms and object of this clause are plainly to grant a *power* to tax to the extent of one per cent. *all* the taxable property in the city. It is contended that as this is a *power* to tax all, that all must be taxed—that the power must be exercised as it is given, or not at all. Is this a fair construction of the words? We think not. The power is to tax to the extent of one per centum. It would be just as fair to say it must be one per cent. The power to do a thing is one thing, the duty to do

it another. Section 22d gives the power to take up any horses, mules, cattle, hogs, goats, dogs, or other domestic animals running at large. Would it be fair to construe this so as that under it the council could not prohibit hogs and horses from running at large and yet not prohibit goats and dogs and cows? These words simply confer the power to tàx all, not exempt by state law, just as, under the constitution, the legislature *may tax* all. And it seems to us that as under a general power to tax all, the legislature may leave a portion untaxed, so under a power to tax all, granted to the corporation, it may leave a part untaxed. There are no restrictive words; they are all words of grant. The words are not that the tax *shall* be laid upon all, but that the power exists to tax all. We are no advocates of unequal taxation. It may be that the existing tax ordinance of Athens is not wise or just. But we have no power in the premises. The authorities of the city, elected by the people, have expressed the will of the people in their ordinance, and it is not for the courts to control that will, unless the law be violated. We think no law has been violated, and we therefore reverse the judgment of the court making the *mandamus* absolute.

Judgment reversed.