# CASES ARGUED AND DETERMINED

IN THE

# Supreme Court of Georgia,

## AT ATLANTA.

## AUGUST TERM, 1878.

PRESENT—HIRAM WARNER.........CHIEF JUSTICE.
L. E. BLECKLEY...........JUDGE.
JAMES JACKSON...........    "

---

CUTLIFF *et al. vs.* THE MAYOR, ETC., OF ALBANY.

The provision in the constitution of 1877, that "all taxation shall be uniform upon the same class of subjects . . . within the territorial limits of the authority levying the tax," does not prevent the imposition by a municipal corporation of a tax on one class of business and not on another.

Taxes. Constitutional law. Before Judge CRISP. Dougherty Superior Court. April Term, 1878.

Reported in the decision.

D. A. VASON, for plaintiffs in error, cited as follows: Tax illegal, constitution 1877, art. 7, sec. 2; art. 8, sec. 3; charter of Albany, 1841, sec. 12; amended charter (1858) sec. 6; amended 1859, p. 11; 36 *Ga.,* 460; Code, §4847. City cannot tax income, 8 *Ga.,* 23; 50 *Ib.,* 530; 42 *Ib.,* 416; 54 *Ib.,* 645; 50 *Ib.,* 537.

WOOTEN & JONES, for defendants, cited as follows: City has power to impose license tax on occupations, 50 *Ga.*, 53 ; 42 *Ib.*, 596.

WARNER, Chief Justice.

This was a bill filed by the complainants against the Mayor and Council of the city of Albany, praying for an injunction to restrain the defendants from proceeding to enforce a certain tax ordinance of said city. Upon hearing the application for the injunction prayed for, the chancellor refused to grant it; whereupon the complainants excepted.

By its amended charter the defendants are authorized to levy such taxes as may be necessary for the support of the city government, and in such a way as shall be deemed by them to operate most equally on all the citizens and property within the corporate limits of the city. On the 7th of January, 1878, the Mayor and Council of the city of Albany passed an ordinance imposing a special tax upon those who were engaged in certain business pursuits or callings within the limits of said city, such as retailing spirituous liquors, keeping boarding houses, billiard tables, livery stables, and various other business pursuits enumerated in said ordinance. The complaint is that only a small portion of the business avocations of the citizens of Albany are taxed, whereas there are many business pursuits and avocations carried on in the city which are not taxed by said ordinance ; that the constitution of 1877 requires that all taxation shall be uniform ; that if you tax the liquor-dealer in said city, you must also tax the gardener, and every other pursuit or avocation carried on within the limits of the city. The constitution of 1877 declares that "all taxation shall be uniform upon the same class of subjects to be taxed within the territorial limits of the authority levying the tax," that is to say, that if a tax of twenty-five dollars is levied upon the class of liquor-dealers in said city, the same tax must be levied upon all of that same class of subjects in order to make it uniform. But it does not follow that because the

municipal authorities think proper to tax the class of liquor-dealers in the city, that they *must* tax the occupation of the gardener, or any other occupation carried on in the city. The corporation may tax the business or occupation of one class, and omit to tax the business or occupation of another class. *Mayor and Council of Athens vs. Long et al.*, 54 *Ga.*, 330. But if the class of gardeners, or the class of any other occupation, be taxed, the tax on that class of occupations must be the same, in order to secure uniformity as contemplated by the constitution of 1877.

As to the other questions made in the complainants' bill, see *Home Insurance Company vs. The City of Augusta*, 50 *Ga.*, 53. *Burch vs. The Mayor and Aldermen of Savannah*, 42 *Ga.*, 596.

In view of the facts contained in the record, there was no error in refusing the injunction prayed for.

Let the judgment of the court below be affirmed.