## VERDERY vs. THE VILLAGE OF SUMMERVILLE.

1. The tax ordinance of the village of Summerville for the year 1887, imposing a tax of one quarter of one per cent., *ad valorem*, upon real estate only, is void by reason of conflict with the constitution in not laying the tax, *ad valorem*, upon all property (real and personal) subject to be taxed within the territorial limits of the authority levying the tax.

2. The ordinance being void, the corporation and all persons actively aiding to enforce it will be responsible for the consequences to the complainant if he is injured thereby, for which reason, and because the amount involved in the present case is inconsiderable, and because it is sound policy to use *ad interim* injunctions sparingly on questions of taxation, the judge did not err in refusing to grant the injunction prayed for.

November 28, 1888.

Tax. Constitutional law. Municipal corporations. Injunction. Practice in superior court. Before Judge RONEY. Richmond county. At chambers, July 14, 1888.

Reported in the decision.

FOSTER & LAMAR, and J. P. VERDERY *in propria persona*, for plaintiff.

W. W. MONTGOMERY and C. C. JONES, Jr., for defendant.

BLECKLEY, Chief Justice.

Verdery sought to enjoin the collection of a small tax *fi. fa.*, issued against him by the municipality of Summerville for alleged taxes on his real estate situate in the village, for the year 1887. The injunction was denied. Annexed to the bill or petition for injunction is a copy of the ordinance imposing the tax. It levies a tax of one quarter of one per cent. upon the assessed value of all real estate in the village. No tax, by that

ordinance or any other, was laid on personal property or its value.

1. Is an ordinance which taxes real estate alone constitutional? Possibly, under the constitution of 1868, taxable property could be classified by species, and each species taxed at a different rate from that imposed on another species. There are, if not direct decisions, some intimations to that effect. *Waring vs. Savannah,* 60 *Ga.* 93, and the cases there cited. But that constitution was altogether different from its successor of 1877 in the clause which prescribes the rule of taxation. Let the two clauses be compared. The former reads thus: " Taxation on property shall be *ad valorem* only, and uniform on all species of property taxed." This language could, by straining it, perhaps be construed to require uniformity, not between species and species, but only amongst the various individual pieces or groups of property belonging to one and the same species. The clause now of force is in these words: " All taxation shall be uniform upon the same class of subjects, and *ad valorem* on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." Here property subject to be taxed, the whole of it together, and not as cut or divided into species, is treated as one subject-matter of taxation; and this immediately follows the declaration that all taxes shall be uniform upon the same class of subjects. Property subject to be taxed is treated as one single class, and the only division of it contemplated or allowable is by territorial lines, coinciding with the territorial limits of the various authorities by which the taxes upon it are levied. There cannot be this rate on one species of property and that on another, though there can be different rates for different cities or villages on

all taxable property whatsoever.   Uniformity is not re-
quired  between  city and city, etc. when the levy is for
municipal taxes ;  but it is required between every man's
property and  every other  man's  property in  the same
city or village.

Another important difference between the two consti-
tutions tends to show that property subject to be taxed
is all to be  taxed alike, when  any of it is taxed.    That
difference is, that the older constitution did not limit or
prohibit exemptions, but the younger does.    It specifies
certain property that may be  exempted, and then de-
clares that laws exempting any other shall be void.
Thus, the only classification of property, relatively to
taxation, that is made or authorized, is into exempt
property and property subject to be taxed; and taxa-
tion on all  property subject to be  taxed is  required to
be *ad valorem,*—that is, according to value.

Once for all, the constitution has enumerated the two
classes of property, which enumeration the legislature,
the courts and the citizen must recognize as exhaustive;
property, whatever its species, is simply exempt or sub-
ject to be taxed.    If exempt, it pays nothing ; if subject,
the amount it shall pay is measured by multiplying the
fixed rate into the actual value.    The result will be, in
every instance, that all persons who own taxable prop-
erty of equal value will pay the same amount of taxes,
and all who own more than others will pay more, and
all who own less will pay less.

In Gilman *vs.* The City of Sheboygan, 2 Black's Rep.
510, the Supreme Court of the United States, besides
holding that the levying of taxes by a city under the
authority of a State law, is the exercise of the taxing
power as much as the taxation of the citizens directly
for the support of the State government, holds further,
that a requirement in the constitution that the rule of

taxation shall be uniform, means that all kinds of prop-
erty not absolutely exempt, must be taxed alike, by the
same standard of valuation, equally with other taxable
property, and co-extensively with the territory to which
it applies ;- meaning the territory from which the given
tax, as a whole, is to be drawn. The opinion of Mr.
Justice Swayne cites the following Wisconsin and Ohio
cases, all of which should be read, not merely on the
pages cited, but throughout. Knowlton *vs.* Rock
County, 9 Wis. 410 ; Weeks *vs.* Milwaukee, 10 Wis. 242 ;
Attorney-General *vs.* Plank Road Company, 11 Wis.
42 ; Bank of Columbus *vs.* Hines, 3 Ohio State, 15 ; and
City of Zanesville *vs.* Richards, 5 Ohio State, 589. See
also, 19 Wallace, 675 ; Burroughs on Taxation, 61,
62 ; Cooley on Taxation, 180.

By leaving out personalty, not only is the principle
of uniformity, as well as the express requirement for the
inclusion of all property subject to be taxed, violated,
but the omission narrows the ordinance into a particu-
lar or special law, whereas the constitution declares
that all taxes shall be levied and collected under general
laws. There is a relative sense in which a mere local
law can, with intelligible meaning, be called a law of
general obligation. If it acts upon the whole municipal
area and upon all persons and property therein, with the
same comprehensive generality as it would act through-
out the State were it applicable to the State at large, it
is a law of general though local operation. This gen-
erality as to territory, with full generality as to subject-
matter, that is, that the tax shall be uniform upon the
same class of subjects, and *ad valorem* on all property
subject to be taxed within the given territory, is the gen-
erality which is needful.

Again, the ordinance is obnoxious to the provision of
the constitution, which declares that laws exempting

from taxation any property other than that which the constitution expressly enumerates, shall be void. By taxing realty only, the ordinance by necessary implication exempts personalty, and the tax officers whose function it might be to collect taxes for the municipality would be compelled to treat personalty as beyond the purview of the ordinance. Were the terms of the ordinance comprehensive enough to embrace all property of both kinds, and then by some further provision one kind were expressly exempted, the latter provision might be treated as void, and the tax on both kinds be collected; Nevada *vs.* Eastbrook, 3 Nev. 173; Peeple *vs.* McCreery, 34 Cal. 432. But this resource is not available in the present instance, for the ordinance is no mixture of valid and invalid material, and consequently offers no opportunity for saving a part by rejecting the balance. There is no alternative but to treat the whole of it as either valid or void. We accordingly pronounce it void.

2. Nevertheless we shall not constrain the judge below to grant an interlocutory injunction, for the reason suggested in the second head-note. And see *Wayne vs. Savannah,* 56 *Ga.* 448; *Hawkins vs. Jonesboro,* 63 *Ga.* 527.

Judgment affirmed.