MONTGOMERY *v.* SUTTLES, tax-collector, *et al.*

No. 13563.   March 11, 1941.   Adhered to on rehearing, March 29, 1941.

*Hirsch, Smith & Kilpatrick* and *Welborn B. Cody,* for plaintiff.

*Spalding, Sibley, Troutman & Brock, E. H. Sheats, W. S. North-cutt,* and *Standish Thompson,* for defendants.

ATKINSON, Presiding Justice. ■ In the years long passed a principle was restated thus: "Though the law itself be fair on its face and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the constitution." Yick Wo. *v.* Hopkins, 118 U. S. 356, 373-374, and cit. The principle has received recognition in various phases of judicial thought and application in various circumstances. In the cited instance, application of the principle was in a case where one person (a subject of China), of three hundred and ten persons restricted by the municipal ordinance in question, was complaining of discrimination in favor of eighty persons (not Chinese) who under similar conditions were unmolested and left free to enjoy the resulting enhanced trade and profits arising from their several businesses. It was held, on the principle stated, that the complaining person who had been arrested was entitled to discharge on writ of habeas corpus. Under different circumstances more closely related to the instant case the principle was applied in Sioux City Bridge Co. *v.* Dakota County, 260 U. S. 441, involving assessment for taxation of realty, being a species of property, or one kind of property included in the general class of property that was taxable under the State constitution and laws. It was held: "1. Intentional and arbitrary assessment of the property of one owner for taxation at its true value, in accordance with the State constitution and laws,

while all other like property is systematically assessed much lower, is a violation of the equal protection of the laws. 2. The owner aggrieved by this discrimination is entitled to have his assessment reduced to the common level, since by no juridical proceeding can he compel reassessment of the great mass of such property at its true value as the law required." See Phillips Petroleum Co. v. Townsend, 63 Fed. 2d, 293 (3), and cit.; *Georgia Railroad & Banking Co.* v. *Wright,* 125 *Ga.* 589, 601, 604 (54 S. E. 52) ; Bohler v. Callaway, 267 U. S. 479, 45 Sup. Ct. 431, 69 L. ed. 745). The above quoted decision related to a case where the property was assessed at its true value, while other like property was assessed at a much lower value. It would not relieve the inequality inhibited by the constitution if the assessment first mentioned had been at less than the true value of the property, as in the instant case. If allowable, that would amount merely to a convenient means of avoiding the equal-protection, clause of the Federal constitution. It is palpable that inequality results from assessment of property at a fractional per cent. of its true value as compared with assessment of other similar property at a substantially lower percentage of its true value. The principle applies to the instant case, where the assessment against the property of the plaintiff (shares of corporate stock in a private corporation) was at fifty per cent. of its true value, while like property of other persons was systematically assessed at fifteen per cent. of its true value. The discrimination would not be more patent had the assessors intentionally and systematically excluded from assessment all intangible properties except those of the complainant, but assessing his intangibles at fifty per cent. of its true value. Such administration by the officials comes within the inhibition of the equal-protection clause of the 14th amendment to the Federal constitution. The principle seems to have been recognized in *Mayor &c. of Savannah* v. *Fawcett,* 186 *Ga.* 132 (supra), and *Hardin* v. *Reynolds,* 189 *Ga.* 534 (6 S. E. 2d, 328), though not expressly ruled on in either case. The case differs on its facts from Nashville, Chattanooga & St. Louis Railway v. Browning, 310 U. S. 362, 368 (60 Sup. Ct. 968, 84 L. ed. 1254), distinguishing the above cited cases. As the inequality complained of in the present case relates to assessments of shares of corporate stock whereby the stocks of complainant are assessed at fifty per cent. of their true value, whereas the great mass of shares of cor-

porate stock of other persons are systematically assessed at only fifteen per cent. of the market value, the ruling in *Verdery* v. *Summerville,* 82 *Ga.* 138 (8 S. E. 213), supports rather than militates against the above ruling. In that case this court said: "The tax ordinance of the Village of Summerville for the year 1887, imposing a tax of one quarter of one per cent., ad valorem, upon real estate only, is void by reason of conflict with the constitution in not laying the tax ad valorem upon all property (real and personal) subject to be taxed within the territorial limits of the authority levying the tax." The assessment now in question has reference to taxation for the year 1937 under the constitution of 1877, which was before the amendment to the constitution ratified on June 8, 1937 (Code Ann. § 2-5001) authorizing the General Assembly to classify property for taxation and to adopt different rates and different methods for different classes or species of such property. This constitutional amendment and the act passed in pursuance thereof (Ga. L. Ex. Sess. 1937-38, p. 156) do not in any way apply to the instant case. The other rulings in the headnotes do not require elaboration. *Judgment reversed. All the Justices concur.*