24558. O'QUINN et al. v. ELLIS, Tax Commissioner, et al.

ARGUED APRIL 8, 1968—DECIDED APRIL 22, 1968—
REHEARING DENIED MAY 20, 1968.

*E. R. Smith, Jr.,* for appellants.

*C. W. Heath,* for appellees.

*Denmark Groover, Jr., Arthur K. Bolton, Attorney General, William L. Harper, H. Perry Michael, Assistant Attorneys General,* for parties at interest not parties to record.

NICHOLS, Justice. 1. The record discloses that the plaintiffs paid the amount of taxes admitted to be due for 1967. Accordingly, the present case is distinguishable from *Hobbs v. Nichols,* 223 Ga. 639 (157 SE2d 294), *Hutchins v. Nash,* 223 Ga. 874 (158 SE2d 924), and similar cases, where the plaintiffs failed to pay or tender the taxes admitted to be due.

2. The evidence adduced upon the hearing showed that for all lands in Jeff Davis County, except as to acreage on each farm where a "tobacco allotment" was involved, the tax assessors used a method of evaluation similar to that used in *Kight*

*v. Gilliard,* 214 Ga. 445 (105 SE2d 333), in that in evaluating such land it was classified as open cultivated, grazing, improved pasture, woodland, timber, cut over, swamp and waste. However on farms where a "tobacco allotment" was involved a different method was used. All land was thus evaluated except an amount equal to the average allotment of the three highest years from 1959 through 1967, which was deducted from the total acreage and the value placed upon such acreage by multiplying the amount of tobacco sold as having been grown on such acreage by fifty cents per pound. This total was used as the market value for such land and forty percent of such total used as the tax evaluation. This procedure resulted in acreage of each farm, equal to the size of the tobacco allotment, having a value placed on it of approximately ten times the value of other cultivated farm land in Jeff Davis County.

It was undisputed that the tobacco acreage was not any particular acreage of each farm but that in the normal course of crop rotation the location of such crop would be moved from place to place on the farm. It was also undisputed that a farm with a "tobacco allotment" would sell for a higher price than one without such allotment, and as was held in Williamson v. Holland, 232 FSupp. 479: "It is well settled that an acreage allotment [tobacco] is made to the farm . . . and therefore runs with the land." See also Hart v. Hassell, 250 FSupp. 893. On the surface it would appear that a higher valuation because of the "tobacco allotment" on the plaintiffs' farms was proper. Such conclusion, however, is not proper, for while market value is the usual criterion for placing an evaluation on property for ad valorem tax purposes, it is apparent that the market value of land with or without a "tobacco allotment" is the same when all other factors are considered, and the sole distinguishing feature is the "tobacco allotment."

"Article 7, Section 1, Paragraph 3 of the Constitution of 1945 provides: 'All taxes shall be levied and collected under general laws and for public purposes only. All taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax.' *Code Ann.* § 2-5403. And Article 1, Section 1, Paragraph 2 of our Constitution de-

clares that 'protection to person and property is the paramount duty of government, and shall be impartial and complete.' *Code Ann.* § 2-102. Taxation on all real and tangible personal property subject to be taxed is required to be ad valorem—that is, according to value, and the requirement in the Constitution that the rule of taxation shall be uniform, means that all kinds of property of the same class not absolutely exempt must be taxed alike, by the same standard of valuation, equally with other taxable property of the same class, and coextensively with the territory to which it applies, meaning the territory from which the given tax, as a whole, is to be.drawn. *Code Ann.* § 92-114; *Verdery v. Village of Summerville,* 82 Ga. 138 (1) (8 SE 213)." *Hutchins v. Howard,* 211 Ga. 830 (2) (89 SE2d 183).

If there was no distinction in the land being assessed for tax purposes, it not being distinguishable from other cultivated lands, the difference in valuation must of necessity have been based on the "tobacco allotment." To authorize such a distinction would permit the value of property to be based upon the volume of business done on such land. If two hardware stores were located side by side on lots exactly the same size and in buildings exactly alike, and the owner of one had an exclusive distributorship on a superior line of hardware which resulted in greater sales for his store, could it be argued that his real property was of a greater value? Or if he sold his store building, including his exclusive distributorship, could it be argued that the real property was of a greater value? The sole difference in the two buildings is the exclusive distributorship. This has nothing to do with the value of the real property. While a hardware dealer could sell his real property without selling the exclusive distributorship, or vice versa, and, while the owner of a farm with a "tobacco allotment" may not sell one without the other, yet it is not the real property which brings the higher price—it is the right to the "tobacco allotment."

Thus, while the "tobacco allotment" runs with the land, it is not the land, and the tax assessment making such distinction between cultivated lands solely on such basis was erroneous. The trial court erred in denying the interlocutory injunction.

*Judgment reversed. All the Justices concur, except Mobley,*

*J., who dissents.  Undercofler and Frankum, JJ., concur in the judgment only.*

UNDERCOFLER, Justice, concurring specially.  In my opinion a tobacco allotment is a factor which may be taken into consideration in fixing the just and fair valuation of real property being assessed for taxation.  However, in the instant case a predetermined standard value of the basic tobacco allotment was inflexibly applied to the property being assessed.  In my judgment this was arbitrary since a basic tobacco allotment will enhance the value of particular property in varying amounts depending upon other factors.  *Kight v. Gilliard,* 214 Ga. 445, 448 (4) (105 SE2d 333).  See *Champion Papers, Inc. v. Williams,* 221 Ga. 345, 346 (144 SE2d 514); 84 CJS 791, § 411.  For this reason, I concur in the judgment of the court.