## 67252. EVANS v. BOARD OF TAX ASSESSORS OF HENRY COUNTY.

BANKE, Judge.

This is an ad valorem tax assessment case involving 980.16 acres of undeveloped real property located in Henry County. The appellant purchased the property in 1981 for $598 per acre. For 1982 ad valorem tax purposes, the board of tax assessors valued the property at $997 per acre. After unsuccessfully appealing the assessment to the county equalization board, the appellant appealed to superior court, where the case was tried without a jury. After hearing the evidence, the court ruled that the board of tax assessors had not made the assessment in a proper manner and concluded that a proper appraisal of the fair market value of the land was $950 per acre rather than $997. The appellant contends that this assessment is

not supported by any of the evidence presented at trial.

The chairman of the board of tax assessors testified that the board assessed the property on the basis of current zoning (which was for commercial and multiple residential development), as well as location, past assessments, and the assessments placed on surrounding property. On cross-examination, he stated that the board had made no physical inspection of the land, that he did not know how much of it was wooded and how much was open, that he did not know whether water and sewerage service was available to the property, and that he did not know what use was actually being made of the property. No water or sewerage service was in fact available; and the witness conceded that there was no reasonable possibility that the land, which had apparently been zoned for commercial and multiple-residential development in anticipation of a second Atlanta airport being built nearby, would actually be used for such purposes in the foreseeable future. Some lots with road frontage had, however, been sold for single-family residential purposes.

The appellant presented three expert witnesses who testified that the property would bring between $600 and $700 per acre at a cash sale. The board presented no valuation evidence of its own, but established on cross-examination of the appellant's witnesses that the parcels which had been sold from the tract had brought as much as $2,000 per acre. However, only one of these sales, a 75-acre parcel which sold for $975 per acre, consisted of more than 10 acres of land. There was testimony that the larger the tract, the less per acre it normally brought on the open market. All of the land which had been sold contained road frontage, and it did not appear that any of the sales had been made on a strictly cash basis. *Held:*

"The intent and purpose of the tax laws of this state are to have all property and subjects of taxation returned at the value which would be realized from the cash sale, but not the forced sale, of the property and subjects as such property and subjects are usually sold." OCGA § 48-5-1 (Code Ann. § 91A-1001). "All property shall be returned for taxation at its fair market value." OCGA § 48-5-6 (Code Ann. § 91A-1007). "(1) 'Fair market value of property' means the amount a knowledgeable buyer would pay for the property and a willing seller would accept for the property at an arm's length, bona fide sale . . . (B) The tax assessor shall consider the following criteria in determining the fair market value of real property: (i) Existing zoning of property; (ii) Existing use of property; (iii) Existing covenants or restrictions in deed dedicating the property to a particular use; and (iv) Any other factors deemed pertinent in arriving at fair market value." OCGA § 48-5-2 (1) (Code Ann. § 91A-1001).

The trial court was correct in disregarding the valuation placed on the property by the board of tax assessors, in view of the chairman's concessions that he had no knowledge of the existing use of the property, that the existing zoning was not indicative of any use to which it might reasonably be put, and that he knew of no other factors, other than the property's general location, which might be pertinent in determining the amount it would bring at a cash sale. Certainly, it was not proper to determine the fair market value of the property on the basis of past assessments or assessments of nearby property, without a showing that these assessments were based on fair market value. Moreover, no basis appears in the transcript for the valuation placed on the property by the trial court. The only testimony as to valuation was that of the appellant's experts, and that testimony would not have authorized a valuation in excess of $700 per acre. A greater valuation was not warranted by the sale price of the parcels which had been sold from the property, as these parcels obviously cannot be considered comparable to the remainder. Rather, these were sales of relatively small amounts of frontage property for residential purposes, and it is clear from the testimony of the witnesses that the interior portions of the remaining property would not be suitable for such use without the prior development of roads and water and sewer lines. The judgment of the trial court is accordingly reversed, and the case is remanded for a new valuation based on the valuation testimony presented at trial. Accord *Hodsdon v. Duckett,* 135 Ga. App. 922 (219 SE2d 634) (1975).

*Judgment reversed and case remanded with direction. Deen, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED NOVEMBER 8, 1983.

*Wade M. Crumbley,* for appellant.
*Philip T. Keen,* for appellee.