## A91A1013. COASTAL EQUITIES, INC. v. CHATHAM COUNTY BOARD OF TAX ASSESSORS.
(411 SE2d 540)

SOGNIER, Chief Judge.

Coastal Equities, Inc., the owner of a motel in Savannah, appealed to the superior court from a decision of the Chatham County Board of Tax Assessors fixing the motel's fair market value for tax purposes. The case was tried by a jury, which found the fair market value of the property to be $2,350,000, and the trial court entered judgment on the jury's verdict. Coastal Equities brought this appeal in the Supreme Court from the trial court's denial of its motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, and the Supreme Court transferred the appeal to this court.

1. Appellant contends the trial court erred by denying its motion for judgment n.o.v. because the verdict was dependent upon appellee's evidence of valuation, and appellee's method of determining the

fair market value of the property at issue violated the uniform taxation clause of the Georgia Constitution and the equal protection clauses of the Georgia and United States Constitutions. We do not agree.

"It is the duty of the board of tax assessors to see that all taxable property within the county is assessed and returned at its just and fair valuation and that valuations as between individual taxpayers are fairly and justly equalized. This does not require the tax assessors to use any definite system or method, but demands only that the valuations be just and that they be fairly and justly equalized among the individual taxpayers according to the best information obtainable." (Punctuation and citations omitted.) *Kight v. Gilliard*, 214 Ga. 445, 448-449 (4) (105 SE2d 333) (1958).

Appellee's expert witness, Steve Corcoran, testified he was the only person who performed motel appraisals for appellee in 1988, the year at issue. Corcoran testified that the method he used to determine the fair market value of appellant's property was the gross income multiplier method, in which a multiplier consisting of the ratio between selling price (taken from a study of sales of motel properties) and room revenue is applied to an average of room revenues over three years. Corcoran, an 11-year employee of appellee who had completed all certification courses required by the Georgia Department of Revenue, testified that the multiplier used for appellant's motel was derived from a review of sales of motels in Savannah with similar physical properties. He testified that the gross income multiplier method of appraising income producing property is a widely accepted method of real estate appraisal, incorporating both the income and the market approaches to valuation.

(a) Appellant's argument that the method used by appellee is defective because it depends on the gross income of the motel, which is a product of many factors other than the value of the real estate, has been decided adversely to appellant. The income approach has been recognized by the Supreme Court as being a valid method of appraisal. *Housing Auth. &c. v. Southern R. Co.*, 245 Ga. 229, 230-231 (1) (A) (264 SE2d 174) (1980). The cases cited by appellant to support its argument are all distinguished by their facts and do not hold that the income method of appraisal is defective.[1]

---

[1] In *Champion Papers v. Williams*, 221 Ga. 345 (144 SE2d 514) (1965) and *Hutchins v. Howard*, 211 Ga. 830 (89 SE2d 183) (1955), the Supreme Court found arbitrary increases in valuation of classes of properties for the sole purpose of increasing revenue were defective where no individual valuations were made. *Vann v. DeKalb County Bd. of Tax Assessors*, 186 Ga. App. 208 (367 SE2d 43) (1988) did not involve the income valuation method, and was not an opinion on the merits but a remand to the trial court for a hearing on a previously unheard constitutional argument. In *O'Quinn v. Ellis*, 224 Ga. 328 (161 SE2d 832) (1968), the Supreme Court held that using a tobacco allotment as the only permissible distinguishing

(b) The record belies appellant's assertion that appellee did not review Corcoran's appraisals or adopt his methodology. William J. Parsons, the county chief tax assessor and a member of appellee, testified that he discussed appraisal matters often with his staff and had discussed with them the methodology to be used for valuing income producing properties. Parsons specifically recalled approving the use of the gross income multiplier method. He also testified that he had reviewed the appraisal performed on appellant's property prior to certifying the appeal to the superior court.

The record also fails to support appellant's allegation that the method used by Corcoran merely applied a statistical formula without taking into account the characteristics of the individual property. Corcoran testified that because actual room revenues reflect the amount a customer will pay and reflect occupancy rates, the condition, age, and physical location of the motel are fully taken into account when calculating fair market value by the gross income multiplier method.

(c) The uniformity clause of the State Constitution and the equal protection clauses of the State and Federal Constitutions were not offended by appellee's valuation of one motel in Savannah by a different method. In his trial testimony, Corcoran explained that he personally visited the other motel and observed that a number of its units was gutted and not suitable for occupancy, and that some units were being used as efficiency apartments rented on a monthly basis. He concluded that the property could not properly be valued as a motel using the standard method for motels because it was not being operated as a motel and there was no income stream from which to calculate room revenue for use with the gross income multiplier method.

"In reviewing the overruling of motions for judgment n.o.v., the appropriate standard to be utilized is the any evidence test." (Citations and punctuation omitted.) *Archer Motor Co. v. Intl. Business Investments*, 193 Ga. App. 86, 87 (1) (386 SE2d 918) (1989). The methods used by appellee were not defective, and appellee presented evidence of valuation at trial that supported the jury's verdict. Accordingly, the trial court did not err by denying appellant's motion for judgment n.o.v. See generally id.

2. Appellant enumerates as error the denial of its motion for a

---

factor among otherwise comparable cultivated lands was a defective method of valuation when other possible distinguishing factors were ignored.

Contrary to appellant's argument, *Evans v. Henry County Bd. of Tax Assessors*, 168 Ga. App. 792 (310 SE2d 562) (1983) did not hold that only evidence of cash sales could be used to determine fair market value. Evidence of cash sales was discussed in the opinion because it was the only evidence of value presented at trial in that case.

new trial based on the trial court's refusal to give its requested charge no. 5: "I charge you that income is not property, and it has been held not to be since the *Hartridge* case in 1850 (8 Ga. 23). The legislature has taxed it differently from property from that day down to this day. The fact is, property is a tree; income is the fruit; labor is a tree; income, the fruit; capital, the tree; income, the fruit. *Waring v. Savannah*, 60 Ga. 93[, 100 (4) (1878).]"

Although when taken out of context the quotation from *Waring* seems relevant to the issue in this case, our review of *Waring* reveals that the portion of the opinion from which the quotation is taken resolved the question whether earned and unearned income constituted "property" so as to be subject to a property tax, not whether the income stream of a property may be used in determining its fair market value for tax purposes. Here, appellee did not seek to levy property tax on the income from appellant's motel, but rather used the income stream as one basis for calculating the value on which the property tax would be levied. " 'In order for a refusal to charge to be error, the requests must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge. (Cit.)' [Cit.]" *Brown Realty Assoc. v. Thomas*, 193 Ga. App. 847, 850 (6) (389 SE2d 505) (1989). As it was not adjusted to the issues or evidence in this case, the trial court did not err by denying appellant's motion for a new trial based on its refusal to give the requested charge. Id.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 9, 1991 —
RECONSIDERATION DENIED OCTOBER 23, 1991 — 

*H. Lehman Franklin, Jr.*, for appellant.
*Smith, Gambrell & Russell, John A. Blackmon, Howard & Racz, Molly M. Howard, Emily E. Garrard*, for appellee.

