1. "The proper procedure for contesting taxability of unreturned property assessed or sought to be assessed by a county board of tax-assessors is by petition in equity. The board of arbitration provided for by the Code, § 92-6912, has no authority to pass upon questions of taxability of such property." Columbus Mutual Life Ins. Co. v. Gullatt
(13108) and Guardian Life Ins. Co. of America v. Gullatt
(13115), ante, 747. When such a board undertakes to do so, its decision on taxability is void as beyond the powers conferred by law. *Page 767 
2. "It is settled by the decisions of this court that the writ of certiorari will not lie to review a void judgment by a court legally constituted, or any pretended judgment by an individual or body of individuals assuming to exercise judicial powers without any lawful authority so to do. Murray v. State, 112 Ga. 7, 13 [37 S.E. 111]; Levadas
v. Beach, 117 Ga. 178 [43 S.E. 418]. See, in this connection, Wright v. Davis, 120 Ga. 670 (3) [48 S.E. 170]." Bass v. Milledgeville, 122 Ga. 177 (50 S.E. 59). See also Sawyer v. Blakely, 2 Ga. App. 159, 161
(58 S.E. 399); Simpkins v. Hester, 3 Ga. App. 160 (3) (59 S.E. 322).
 No. 13155. MARCH 13, 1940.
The Court of Appeals (in Case No. 27654) certified to this court the following question for determination: "Where the tax-assessors of Fulton County assessed for state and county taxes for the years 1931, 1932, 1933, 1934, 1935, 1936, and 1937, as the property of a nonresident corporation, certain credits secured by real estate situated in Fulton County, Georgia, and where, by authority of the Code, § 92-6912, arbitration was demanded by the corporation after the action of the tax-assessors, and the board of arbitrators appointed under such authority held, after hearing, that the credits `had no situs for the purpose of taxation in Fulton County in the years 1931 to 1937, . . and are not taxable under the laws of Georgia,' is the finding or decision of the arbitrators reviewable by certiorari at the instance of either or both the taxpayer and the tax assessors?"
Judge Pratt was designated for this case, instead of Justice Duckworth, disqualified.
The answer to the question propounded depends on a determination of the powers conferred by statute upon the board of arbitrators provided by section 6 of the tax-equalization act (Ga. L. 1913, p. 123; Code, § 92-6912). Whether or not other reasons urged are meritorious, it follows from what is stated in the headnotes that the certified question must be
Answered in the negative.
 Reid, C. J., Atkinson, P. J., and Bell, Jenkins, and Grice,JJ., concur. *Page 768