GREEN, Tax Assessor, *et al.* v. CALHOUN *et al.*

DUCKWORTH, Chief Justice. 1. "Where the property subject to tax is such as is returnable annually to the tax receiver of the county, that officer shall assess the same at the valuation fixed in the annual returns, if satisfactory to him; if not, he shall within 30 days after receiving said returns, make an assessment of said property from the best information he can procure, and notify, in writing, the person or officer making the returns, who shall have the privilege within 20 days after receiving such notice, to refer the question of the true value to arbitrators, one to be chosen by himself and one to be chosen by the tax receiver, with power in the two so chosen to choose an umpire in case of disagreement, and their award shall be final. Said assessment, when completed and entered upon the tax digest, shall be adopted and used by the county boards of education or other school authorities authorized by law to levy taxes for school purposes in counties or school districts, in lieu of requiring separate returns or arbitrations for purposes of school taxation." Code, § 92-6804. "Within 10 days after the first day of April of each year the tax receiver of each county shall present the tax returns of the county for the current year to the county board of tax assessors created by this Chapter for the purpose hereinafter contemplated and provided." Code (Ann. Supp.), § 92-6902.

2. The Board of County Commissioners of Worth County, and not the Board of Tax Assessors, has jurisdiction over county finances and the levying and collection of taxes for county purposes (Code, § 23-904; Code, Ann Supp., § 2-7501), the authority and duties of the Board of Tax Assessors being prescribed in the Code, § 92-6911, as follows: "The board shall examine all the returns of both real and personal property of each taxpayer, and if in the opinion of the board any taxpayer has omitted from his returns any property that should be returned or has failed to return any of his property at a just and fair valuation, the board shall correct such returns and shall assess and fix the just and fair valuation to be placed on the property, and shall make a note thereof and attach the same to the returns. It shall be the duty of the board to see that all taxable property within the county is assessed and returned at its just and fair valuation and that valuations as between the individual taxpayers are fairly and justly equalized so that each taxpayer shall pay as near as may be only his proportionate share of taxes."

3. The evidence was sufficient to authorize the court to find that the increase of 25 percent on the valuations of realty on the returns of the petitioners and other taxpayers was not a process of equalizing such valuations, but was an unlawful and arbitrary attempt to provide addi-

tional revenue for educational purposes, and to grant an interlocutory injunction against the defendants from making up, compiling, or listing any report or digest incorporating or including therein any increased assessment or changes or alterations in the returns of the taxpayers' of Worth County, and enjoining E. E. Flowers, as Tax Receiver of the said county, from transmitting to the State Department of Revenue or the Comptroller General or the Tax Collector of Worth County or any tax authorities of the county or State any report, list, or other compilation or digest including or incorporating therein any increase or change or alteration in the return filed with the Tax Receiver of Worth County by any taxpayer thereof.

4. To resort to arbitration under the provisions of the Code, § 92-6912, would be abortive and remediless, since the issue is not as to the correct valuations of the realty in question, but whether or not the Board of Tax Assessors acted without lawful authority in putting into effect a plan to systemtically increase the returns on the realty, not in order to equalize the respective valuations of any taxpayers, but for the purpose of raising additional funds for educational purposes, as to which issue and legal question the board of arbitrators would be without authority to determine, and relief could be had only by a petition in equity. *Columbus Mutual Life Ins. Co.* v. *Gullatt,* 189 *Ga.* 747 (8 S. E. 2d, 38); *Allied Mortgage Companies* v. *Gilbert,* 189 *Ga.* 756 (8 S. E. 2d, 45); *Gullatt* v. *Slaton,* 189 *Ga.* 758 (8 S. E. 2d, 47); *Gilbert* v. *Northwestern Mutual Life Ins. Co.,* 189 *Ga.* 766 (8 S. E. 2d, 43); *Montgomery* v. *Suttles,* 191 *Ga.* 781 (13 S. E. 2d, 781).

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., who dissents, and Bell, J., absent on account of illness.*

No. 16376. OCTOBER 13, 1948. REHEARING DENIED NOVEMBER 18, 1948.

552

*Ford & Houston,* for plaintiffs in error.
*Williamson & Crowe* and *R. D. Smith,* contra.