## 19050. HUTCHINS *et al. v.* HOWARD *et al.*

CANDLER, Justice. 1. The tax receivers or tax commissioners in the several counties of this State are required to open their books for the return of taxes on the first day of January and close them on the first day of April of each year, except that, in counties having a population of 200,000 or more according to the 1940 or any future census, they are to be closed on the first day of May of each year. Code (Ann. Supp.) § 92-6201. Within ten days after the date for closing the tax books, it is the duty of the tax receivers or tax commissioners to deliver the tax returns of the county for the current year to the county board of tax assessors. Code § 92-6902. "The board [of tax assessors] shall examine all the returns of both real and personal property of each taxpayer, and if in the opinion of the board any taxpayer has omitted from his returns any property that should be returned or has failed to return any of his property at a just and fair valuation, the board shall correct such returns and shall assess and fix the just and fair valuation to be placed on the property, and shall make a note thereof and attach the same to the returns. It shall be the duty of the board to see that all taxable property within the county is assessed and returned at its just and fair valuation and that valuations as between the individual taxpayers are fairly and justly equalized so that each taxpayer shall pay as near as may be only his proportionate share of taxes." Code (Ann.) § 92-6911. It is the duty of the tax assessors to fix valuations "according to the best information obtainable." Code (Ann.) § 92-6913. In *Hutchins* v. *Candler,* 209 *Ga.* 415 (2) (73 S. E. 2d 191), we held that the Tax Assessors of DeKalb County could use the information contained in a cadastral survey which had been made for the county if the assessors found it to be the best and most accurate data obtainable for determining just and fair tax values. Realty and tangible personal property are of the same class, and the constitutional rule of uniformity in taxation requires that both be taxed alike. *Mayor &c. of Savannah* v. *Weed,* 84 *Ga.* 683 (11 S. E. 235, 8 L. R. A. 270). "An assessment made in the manner prescribed by the statute is indispensable in proceedings to enforce the collection of taxes." *Kirk* v. *Bray,* 181 *Ga.* 814, 821 (184 S. E. 723).

2. Article 7, section 1, paragraph 3 of the Constitution of 1945 provides: "All taxes shall be levied and collected under general laws and for public purposes only. All taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." Code (Ann.) § 2-5403. And article 1, section 1, paragraph 2 of our Constitution declares that "protection to person and property is the paramount duty of government, and shall be impartial and complete." Code (Ann.) § 2-102. Taxation on all real and tangible personal property subject to be taxed is required to be ad valorem—that is, according to value, and the requirement in the Constitution that the rule of taxation shall be uniform, means that all kinds of property of the same class not absolutely exempt must be taxed alike, by the same standard of valuation, equally with other taxable property of the same class, and coextensively with the territory to which it applies, meaning the territory from which the given tax, as a whole, is to be drawn. Code (Ann. Supp.) § 92-114; *Verdery* v. *Village of Summerville,* 82 *Ga.* 138 (1) (8 S. E. 213).

See also *Suttles* v. *Montgomery,* 193 *Ga.* 128 (17 S. E. 2d 734), where in headnote 2 it is held: "The fact that as a matter of practice the county taxing authorities assessed property at various percentages of its value would not, in a proceeding against them in equity by a taxpayer claiming discrimination because of higher assessments against his property, entitle them to set up a new assessment representing an average of such percentage, since under the equal-protection clause of the State and Federal constitutions he is entitled to the same treatment as other owners of similar property." The plaintiff's amended petition alleges that the assessment for 1955 taxes against his property, as well as that of other taxpayers similarly situated, is violative of the uniform-taxation clause of our Constitution and the equal-protection clauses of the State and Federal Constitutions. Code § 1-815; Code (Ann.) §§ 2-102, 2-5403. The law requires that all real and tangible personal property be assessed at its fair market value. Code §§ 92-5701, 92-5702. It establishes a scheme of administrative machinery to bring this about. § 92-6901 et seq. The record in the instant case shows that no property was so assessed. It also shows indisputably that it was not assessed uniformly. And we might well say, as did the Supreme Court of the United States in Greene *v.* L. & I. R. Co., 244 U. S. 499, 501 (37 Sup. Ct. 673, 61 L. ed. 1280, Ann. Cas. 1917E, 88), that "the duty to assess at full value is not supreme but yields to the duty to avoid discrimination." For want of uniformity in taxable values, the assessments made against the property of the plaintiff, the intervenors, and other similarly situated taxpayers are null and void; they are clearly violative of the uniform-taxation clause of our Constitution and the equal-protection clauses of our present Constitution and the Federal Constitution.

3. There is no merit in the defendants' contention that the plaintiff and the intervenors have' an adequate and complete remedy by arbitration. To resort to arbitration under the provisions of Code § 92-6912 would be abortive and remediless, since the issue in this case is not as to the correct valuations of the property in question, but whether or not the tax assessors acted without lawful authority in putting into effect a plan or scheme to systematically increase without uniformity the taxpayers' returns for 1955, in violation of the uniform-taxation clause of the Constitution of 1945, and thereby deprive them of their legal right of equal protection as guaranteed by the State and Federal Constitutions; and, since this is an issue or legal question that the board of arbitrators would be without authority to determine, relief could be had only by a petition in equity. In this connection, see *Green* v. *Calhoun,* 204 *Ga.* 550 (50 S. E. 2d 209), and citations.

4. The amended petition alleges that the defendant Williams, individually and as county commissioner, did demand, urge, coerce, and cause the defendant tax assessors to make a systematic and comprehensive increase in the value of all property returned in the county for 1955 taxes, not for the purpose of fixing just and fair values after investigation, or for the purpose of equalizing taxes, but for the sole purpose of raising additional revenue; and that he did, in his dual capacity, conspire and collude with the defendant tax assessors in formulating and executing an all-inclusive plan or scheme to systematically, arbitrarily, and illegally increase the value of all property so returned for 1955 taxes. There is a

**832**

prayer that the defendant Williams be restrained and enjoined from seeking to have the valuations of the property of the taxpayers of the county systematically increased for the purpose of raising revenue only. As against a general demurrer, we think that these allegations of the petition are sufficient to state a cause of action for the relief sought against the defendant Williams. It is well settled that a petition which is good in substance, though defective in form should not be dismissed on general demurrer. *National Bank of Savannah* v. *Evans*, 149 *Ga.* 67 (99 S. E. 123). See *Green* v. *Calhoun*, supra.

5. From what has been ruled in the four preceding divisions, we accordingly hold that the trial judge erred in sustaining the defendant Williams' general demurrer to the amended petition, and also in refusing to grant a temporary injunction.

6. A motion has been made by the defendants in error to dismiss the bill of exceptions in this case, on the ground that the questions presented thereby have become moot. The motion alleges that the tax assessments complained of have been completed by the defendant tax assessors; that the tax digest has been compiled and forwarded to the State Revenue Commissioner; and that it has been approved by him and returned to the defendant Nash, as Tax Commissioner of DeKalb County. There is no merit in the motion to dismiss, and it is therefore denied. All of the action taken by the defendants was subsequent to and in violation of the supersedeas which was granted by the trial judge when the bill of exceptions was certified by him, and such prohibited action does not have the effect of rendering moot the questions brought here for review. The action taken by the defendants was not only prohibited by the supersedeas granted by the trial judge, but was in open defiance of it and therefore a nullity. *West* v. *Shackelford*, 138 *Ga.* 163 (1) (74 S. E. 1079); *Prater* v. *Barge*, 139 *Ga.* 801 (1) (78 S. E. 119); *Porcher* v. *Persons-Taft Land Credit Co.*, 154 *Ga.* 483 (1) (114 S. E. 634). Compare *Bond* v. *Long*, 133 *Ga.* 639 (66 S. E. 778).

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1955—DECIDED SEPTEMBER 16, 1955.

*John L. Respess, Jr., James H. Venable, Margaret Hopkins, Augustine Sams*, for plaintiffs in error.

*Pierre Howard, George P. Dillard*, contra.