21853. COLVARD et al. v. RIDLEY, Commissioner, et al.

CANDLER, Justice. 1. Art. VII, Sec. I, Par. III of the Constitution of 1945 provides: "All taxes shall be levied and collected under general laws and for public purposes only. All taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." *Code Ann.* § 2-5403. And Art. I, Sec. I, Par. II of our Constitution declares that "protection to person and property is the paramount duty of government, and shall be impartial and complete." *Code Ann.* § 2-102. "Taxation on all real and tangible personal property subject to be taxed is required to be ad valorem—that is, according to value, and the requirement in the Constitution that the rule of taxation shall be uniform, means that all kinds of property of the same class not absolutely exempt must be taxed alike, by the same standard of valuation, equally with other taxable property of the same class, and coextensively with the territory to which it applies, meaning the territory from which the given tax, as a whole, is to be drawn." *Hutchins v. Howard,* 211 Ga. 830 (89 SE2d 183). Realty and tangible personal property are of the same class, and the constitutional rule of uniformity in taxation requires that both be taxed alike. *Code Ann.* § 2-5403; *Hutchins v. Howard,* supra. It is the duty of the board of tax assessors to see that all taxable property within the county is returned and assessed for taxes at its just and fair value and that valuations as between the individual taxpayers are fairly and justly equalized so that each taxpayer shall pay as near as may be only his proportionate share of taxes. *Code Ann.* § 92-6911. Tax assessors are authorized to fix the fair market value of property for taxes from the best information obtainable. *Code Ann.* § 92-6913. "This does not require the tax assessors to use any definite system or method, but demands only that the valuations be just and that they be fairly and justly equalized among the individual taxpayers (*Hutchins v. Williams,* 212 Ga. 754 (4), supra), '. . . according to the best information obtainable . . .' *Code Ann.* § 92-6913. The tax assessors may use any system, method, cadastral survey, books, available lists of valuations of types of property, city valuations or other instruments or other information obtainable, provided said

information is actually used by them as the best information available in their fixing of just and fair valuations of the property assessed, and provided that the taxation as between individual taxpayers is justly and fairly equalized." _Kight v. Gilliard, 214 Ga. 445, 448-449 (105 SE2d 333). The tax assessors must use the same standard or system in determining and fixing the taxable value of all property of the same class. *Hutchins v. Candler*, 209 Ga. 415 (73 SE2d 191); and *Kight v. Gilliard*, 214 Ga. 445, 449, supra. And "an assessment made in the manner prescribed by the statute is indispensable in proceedings to enforce the collection of taxes." *Kirk v. Bray*, 181 Ga. 814, 821 (184 SE 733). Without here repeating the allegations of the petition, it is sufficient to say they show that the assessments made by the board of tax assessors are null and void for want of uniformity in fixing taxable values as between different types of taxable property of the same class.

2. Since the petition alleges facts which affirmatively show that the board of tax assessors failed to use the same standard in assessing taxable property of the same class for 1962 ad valorem taxes, there is no merit in the contention that the plaintiffs have an adequate and complete remedy by arbitration under *Code Ann.* § 92-6912. In this connection, see *Green v. Calhoun,* 204 Ga. 550 (3) (50 SE2d 209) and *Hutchins v. Howard*, 211 Ga. 830, supra.

3. For reasons stated in the two preceding divisions, the petition stated a cause of action for equitable relief and the court erred in dismissing it on general demurrers.

*Judgment reversed. All the Justices concur.*

Argued November 15, 1962—Decided November 19, 1962— Rehearing denied December 3, 1962.

*Pittman & Kinney, H. E. Kinney*, for plaintiffs in error.
*Mitchell & Mitchell, Sam Calhoun*, contra.