## 23121. CHAMPION PAPERS, INC. et al. v. WILLIAMS, Commissioner, et al.

DUCKWORTH, Chief Justice. On behalf of themselves and others similarly situated, a number of taxpayers brought this equitable action against the taxing authorities of Wilkes County, alleging that for the year 1964 the Board of Tax Assessors raised the respective valuations of all pine timberlands returned by all taxpayers $1 per acre, irrespective of the acreage owned by the landowners, and, in addition, arbitrarily raised the valuations of the pine timberlands returned by the petitioners and others similarly situated who are in the production of pulpwood timber by managing and controlling its cutting an additional $1 per acre to $2 per acre; that the discriminatory increase is a part of an arbitrary plan or scheme of assessing pine timberlands without respect for their true value or to the equalization of values between taxpayers, and for the first time in 1964, not the result of an appraisal or fair valuation, but as a direct result of a joint undertaking of the county commissioners and the tax assessors to penalize petitioners and others similarly situated by putting into effect a plan to systematically increase for 1964, without uniformity, the valuation of their lands in violation of *Code Ann.* § 92-6911 (Ga. L. 1937, pp. 517, 519), and the State and Federal Constitutions (*Code* § 1-815; *Code Ann.* §§ 2-102, 2-5403, Const. of 1945), being the uniformity, equal protection and due process clauses of said Constitutions. Petitioners admitted a valid tax liability for 1964 for the increase to all pine timberlands which was applied uniformly to all owners but contest the additional $1 per acre assessment and pray for injunction to prevent this discrimination. An answer, denying the allegations of discrimination, and general and special demurrers were filed, and after a hearing on the demurrers, they were overruled. After a temporary hearing the defendants were temporarily enjoined and the petitioners allowed to pay to the tax commissioner the taxes which they contend they actually owe, and the case was set down for a jury trial. On the trial of the case a motion for directed verdict was duly made, and upon the return of a verdict in favor of the defendants, a motion for new trial and a judgment notwithstanding the verdict were made, and after a hearing overruled. The as-

signments of error are on the overruling of these motions. The petitioners proved their case as alleged, although contested by the defendants on some points. But the admitted evidence and stipulations show that in accordance with a plan to raise additional revenue, and in the belief that the members of the pulpwood industry were grossly under-returning their property (contested by the plaintiffs), taxpayers in Wilkes County were requested by the Wilkes County authorities to return their pine timberlands separately by acreage. Thereafter, the tax assessors raised all valuations on pine timberlands $1 per acre; and for all managed and controlled pine timberlands, that is, tree farms and lands involved in the pulpwood industry, individually and corporately owned, an additional $1 per acre. The defendants denied any plan or scheme to discriminate against any taxpayers, their testimony being that they believed that small farms and non-controlled pine timberland owners were paying their fair share of taxes because of other factors, whereas the controlled pine timberlands which were well-managed, did not allow indiscriminate cutting but controlled the cutting, were of greater value than other timberlands. However, in some instances it was admitted that adjoining controlled and non-controlled lands had the same value. Likewise the defendants admitted the purpose of the increase was to raise more revenues, make the controlled landowners pay more taxes, the feeling being prevalent that their lands were grossly undervalued, and to avoid a general re-evaluation program; and that the increase was made generally upon the tax returns and not after examination or inspection of the land with the only classification being whether the land was in the controlled and managed pulpwood production category or otherwise. *Held:*

Taxation of all kinds of property of the same class must be uniform and by the same standard of valuation, equally with other taxable property of the same class. *Code Ann.* § 92-6911 (Ga. L. 1937, pp. 517, 519); *Green v. Calhoun,* 204 Ga. 550 (50 SE2d 209); *Hutchins v. Howard,* 211 Ga. 830 (89 SE2d 183); *Colvard v. Ridley,* 218 Ga. 490 (128 SE2d 732). The admitted evidence showing a plan to raise the valuation of all controlled and managed pine timberlands a flat $1 per acre over and above that of non-controlled pine timberlands, without examination or inspection of the property,

shows an inequitable, discriminatory, unlawful and arbitrary attempt to increase revenue by arbitrary and discriminatory assessments against one group of taxpayers without consideration of an increase for all others, and the court erred in failing to grant the motion for judgment notwithstanding the verdict.

*Judgment reversed. All the Justices concur, except Cook, J., disqualified and Mobley, J., not participating for providential cause.*

SUBMITTED SEPTEMBER 14, 1965—DECIDED SEPTEMBER 22, 1965.

*Wilbur A. Orr, Lawson E. Thompson, Connerat, Dunn, Hunter, Houlihan & Maclean,* for plaintiffs in error.

*Walton Hardin,* contra.