23186, 23187. CROSS, Tax Assessor, et al. v. MILLER et al.; and vice versa.

SUBMITTED NOVEMBER 8, 1965—DECIDED DECEMBER 6, 1965.

580

*F. H. Boney, Paul W. Painter,* for appellants.
*Frank M. Gleason, Burton Brown,* for appellees.

QUILLIAN, Justice. ■ This case presents the anomalous situation of citizens and taxpayers complaining of a plan to reduce taxes. The pertinent facts are as follows: in 1964 the Board of Tax Assessors, in their process of "equalizing" the tax valuations, took 30% of the appraised value of real property as the net taxable figure on an individual's return. On July 16, 1965, the Board in a letter to the Tax Commissioner stated that the 1965 net taxable value of 30% on all tax assessments in Walker County should be reduced 16 and ⅔ percent or to 25%

of the property's appraised value. The letter instructed and authorized the Tax Commissioner, in the Board's behalf, to give such reduction on all returns which the Board turned over to him. The petition alleged that the Board had completed its work on all returns using 30% as the taxable figure and then attempted to change such figure to 25% after turning the books over to the Tax Commissioner. The petition also alleged that the purpose of these acts in reducing the real property valuation for tax purposes was to effectuate a tax reduction and to deprive the Board of Education of funds necessary to operate the schools of the county.

While a considerable portion of the evidence adduced on the interlocutory hearing is devoted to the proposition as to whether the Board ultimately set a figure of 30% and then changed to another figure or originally decided upon the lesser 25% valuation, we do not believe this issue to be dispositive of the cause. Under the view we take of the case the question for determination is whether the Board might set the taxable value of property for the purpose of reducing taxes.

The law prescribes: "It shall be the duty of the board to see that all taxable property within the county is assessed and returned at its just and fair valuation and that valuations as between the individual taxpayers are fairly and justly equalized so that each taxpayer shall pay as near as may be only his proportionate share of taxes." Ga. L. 1937, pp. 517, 519 (*Code Ann.* § 92-6911). "The duties placed on the Board of Tax Assessors to require all property in a county to be returned for taxes at a just and fair valuation, and that the valuation as between individual taxpayers be justly and fairly equalized, does not require the members thereof to use any definite system or method, but demands only that the valuations be just and fair, and the failure to use any particular system, method, cadastral survey, book, or other instruments to derive values used in the past would not in any way render void the valuations placed on said property by the assessors." *Hutchins v. Williams*, 212 Ga. 754 (4) (95 SE2d 674), and cases therein cited.

We do not construe these holdings to mean the Board can act with unlimited discretion, or arbitrarily or for any purpose

not specifically set forth in the statute. Indeed, in *Green v. Calhoun*, 204 Ga. 550 (3) (50 SE2d 209) (one Justice dissenting), this court approved the grant of an interlocutory injunction where "the evidence was sufficient to authorize the court to find that the increase of 25 percent on the valuations of realty on the returns of the petitioners and other taxpayers was not a process of equalizing such valuations, but was an unlawful and arbitrary attempt to provide additional revenue for educational purposes." See *Hutchins v. Howard*, 211 Ga. 830 (4) (89 SE2d 183).

In this case it was alleged that the Board acted, in changing the percentage figure, for the purpose of reducing taxes. On the interlocutory hearing there was evidence, although conflicting, that the Board did just that. The reason for the figure of 25%, whether considered as a change or as an ultimate decision by the Board, was to accomplish a reduction of taxes which the Board thought were too high and would become even more burdensome if the Board of Education's request for the maximum levy of 30 mills was approved. Of course, this does not constitute a valid reason, under our law, for the Board to act, and, in so doing, their action was outside their authority and hence void. When the Board of Tax Assessors acts arbitrarily and beyond the scope of its authority, we see no sound distinction in a situation where the board raises the valuations of all the taxpayers in order to obtain additional revenue for school purposes as in the *Green* case, supra, or where the board lowers all the valuations by a certain percent in order to reduce taxes, as here.

The trial judge did not err in overruling the general demurrers of the defendant Tax Commissioner and the defendant Board, and there was evidence to support the allegations of the petition and to authorize the grant of an interlocutory injunction.

■ Although in their brief the defendants insist that the trial judge erred in overruling many of their numerous special demurrers, no ground concerning this was included in the enumeration of errors. Hence, we can not consider such ruling. *Windsor v. Southeastern Adjusters*, 221 Ga. 329 (144 SE2d 739).

■ The judge's order provided that he found by a preponderance of evidence that the Board acted outside the scope of their

authority and that such action was illegal, null and void, "and the temporary injunction is made permanent and the defendants are individually and collectively enjoined as prayed in plaintiffs' petition." This court has consistently held that a judge has no power to grant a permanent injunction at an interlocutory hearing. *Strickland v. Griffin,* 70 Ga. 541 (5); *Southern Cotton Oil Co. v. Overby,* 136 Ga. 69 (3) (70 SE 664). "But when a permanent injunction is granted on an interlocutory hearing, as in this case, direction will be, and is, given that the judgment be so changed as to be operative only until the final hearing or the further order of the court." *Moore v. Robinson,* 206 Ga. 27 (8a) (55 SE2d 711); *Pullen v. Meadors,* 196 Ga. 796, 802 (27 SE2d 655).

■ On cross appeal in Case No. 23187 the plaintiffs complain of the order sustaining the general demurrer of William L. Quinn, Commissioner of Roads and Revenue of Walker County. The petition sought to enjoin Quinn from paying compensation to the Board and their clerical help for the performance of illegal acts in reducing the property assessments.

"A taxpayer has such a pecuniary interest in the sum made up from taxes, of which his forms a part, as to authorize him to prevent an illegal diversion of any sum. Accordingly, an equitable petition will lie at his disposal to prevent the illegal expenditure of tax money by public officials. *Henry v. Means,* 137 Ga. 153 (2) (72 SE 1021)." *Early v. Kent,* 215 Ga. 49, 51 (2) (108 SE2d 708). The petition having alleged that the defendant Board had completed their lawful duties, they were not entitled to compensation and thus the trial judge erred in sustaining the general demurrer of the County Commissioner and dismissing the petition as to him.

*Judgment affirmed in case No. 23186 with direction. Judgment reversed in case No. 23187. All the Justices concur, except Mobley, J., not participating for providential cause.*