24757. HAWES, Commissioner v. CONNER et al.

ARGUED JULY 8, 1968—DECIDED SEPTEMBER 23, 1968.

*Arthur K. Bolton, Attorney General, William L. Harper, H. Perry Michael, Assistant Attorneys General,* for appellant.

*Pritchard & Thomas, M. C. Pritchard, Leon A. Wilson, II,* for appellees.

DUCKWORTH, Chief Justice. "All taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." *Code Ann.* § 2-5403 (Const. of 1945; Ga. L. 1945). This means that the levy for county purposes must be uniform throughout the county. It also means that the levy for State purposes must be uniform throughout the State. *Hutchins v. Howard,* 211 Ga. 830 (89 SE2d 183); *Colvard v. Ridley,* 218 Ga. 490 (128 SE2d 732). The procedure for securing uniformity in the county is by *Code Ann.* § 92-6911 (Ga. L. 1937, pp. 517, 519) placed upon county tax assessors. And if their action displeases a taxpayer, his remedy is arbitration as provided in *Code Ann.* § 92-6912 (Ga. L. 1958, p. 387). The arbitrators have authority and a duty to make their valuations uniform with other valuations. *Whitehead v. Henson,* 223 Ga. 329 (155 SE2d 391). The taxpayers in this case having failed to complain of valuations or uniformity as prescribed by law for settling such matters, and the tax digest conforming with the Commissioner's direction having been approved by the Commissioner, and no appeal therefrom taken as authorized by *Code Ann.* §§ 92-8426.4 (Ga. L. 1943, pp. 204, 206) and 92-8446 (Ga. L. 1937-38, Ex. Sess., pp. 77, 100; 1943, pp. 204, 206, 208), it is not now permissible for either the taxpayer or the county to attack in a court of equity either the individual assessment or the Commissioner's order approving the 1967 tax digest. See *Kiker v. Morley,* 223 Ga. 736 (157 SE2d 745).

The Commissioner is required to seek uniformity throughout the State on the State levy by requiring all counties to assess property uniformly throughout the State by Ga. L. 1966, p. 45 (*Code Ann.* §§ 92-7001, 92-7002). This is likewise demanded by the Constitution. His order which did so was not unconstitutional. We cannot reach the question made by the pleadings but not ruled upon by the trial judge—that the statute empowering the Commissioner to issue such order is unconstitutional since it was not ruled upon.

Since the 1968 tax digest had not been presented to the Commissioner for approval, and since it was not shown what percentage of valuation would be employed therein, there was no evidence to authorize the order enjoining him from ordering any raise of the value therein. As pointed out by the State, that digest could grossly undervalue the taxing value and yet the Commissioner could not require it raised as the statute requires and constitutional uniformity would demand. It follows that for the foregoing reasons the judgment must be reversed.

*Judgment reversed. All the Justices concur.*