27537.    SECURITY-MOROSGO APARTMENTS, INC.
et al. v. CITY OF ATLANTA et al.

GUNTER, Justice.  Appellant brought a mandamus action below seeking to require the board of tax assessors to arbitrate the assessed value of an improved tract of land owned by the appellant.

This dispute relates to the assessment of the property for the year 1971. Morosgo Apartments, Inc. owned the property on January 1, 1971, and conveyed the property to the appellant on June 1, 1971. Morosgo Apartments, Inc. did not return the property for taxation in the year 1971, and therefore the value applied to the property for the preceding year automatically became the assessed value for the year 1971, provided the tax assessors made no changes in the assessed value of the preceding year. See Code Ann. § 92-6202.1.

In this case the tax assessors made no changes—the assessed value for 1971 was the same as the assessed value for 1970.

In such a situation does a property owner have a legal right to arbitration? We hold that he does not. Under our law property must be returned for ad valorem tax purposes sometime between January 1 and April 1. Special legislation permits earlier cut-off dates than April 1 in some instances. If a property owner makes his return in due time and that return or value is not changed in any manner by the tax assessors, then it is obvious that the property owner has no legal right to arbitrate the value of the property that he has returned and the tax assessors have accepted. In 1969 a statute (Code Ann. § 92-6202.1) was enacted which made it unnecessary for a property owner to make a return every year provided he had owned the particular property the preceding year and provided

further that he had not added improvements since his previous return. In such a situation, no return by the property owner being made in the current year, the current year's assessment automatically became the assessment used for ad valorem tax purposes in the preceding year. In such a situation the property owner "is deemed to have returned his property" at the same value as the assessment of the prior year.

Therefore, if property is "actually returned" for the current year and that value is not changed by the assessors, there is no legal right to arbitration. Also, if the property was "automatically returned" under the provisions of the 1969 statute, and no change was made by the tax assessors, then there is no legal right to arbitration.

In the instant case the property owner did not make an actual return in 1971. The 1970 assessed value became the "automatic return" of the taxpayer for the year 1971. It was not changed by the tax assessors, and it was not subject to arbitration.

The trial court correctly denied the relief sought by the appellant below.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 14, 1972—DECIDED FEBRUARY 8, 1973.

*Rose & Stern, George S. Stern, Andrew W. Estes, Alan Cohn,* for appellants.

*Webb, Parker, Young & Ferguson, Guy Parker, Charles M. Lokey, Henry L. Bowden,* for appellees.