32991, 32992, 32993. ACREE et al. v. WALLS et al. (three cases).

MARSHALL, Justice.

In 1975 the Towns County Board of Tax Assessors undertook a complete reassessment of all property located within their tax district. The real property tax digest, valued at $42,850,000 in 1974, was increased to

$67,500,000 under this proposed 1975 tax digest. More than 5% of the taxpayers filed appeals to the Towns County Board of Tax Equalization, thereby delaying submission of the digest to the State Revenue Commissioner for approval. See Code Ann. § 92-8407.1 (Ga. L. 1972, p. 824). The tax assessors received adverse rulings from the board of tax equalization in several appeals. An agreement was reached between the board of tax assessors and board of tax equalization under which the tax assessors decided to appeal the rulings of the board to the superior court in a Mr. Brown's case and a Mr. Burrell's case, because questions concerning the uniformity of the entire digest were raised in these cases. See Code Ann. § 92-6912 (5) (B) and (6)(a) (Ga. L. 1972, pp. 1094, 1097).

It is necessary at this point to state that the Towns County Board of Tax Assessors divides property into four categories: farm land, mountain land, residential property, and commercial property. Burrell's property is mountain land and Brown's property is farm land.

In Burrell's case, the board of equalization found that the tax assessors did not assess "mountain land" uniformly with other property of the same class in the tax digest. The board of equalization directed the tax assessors to "reassess all mountain land in the county now assessed at a market value of above $600 to a fair market value of $600 per acre." The board of equalization found that factors, viz., road frontage, topography, accessibility, obsolescence, used by the board of tax assessors in establishing a valuation for a given piece of property had not been applied uniformly. Without directing the assessors as to how to apply such factors in other cases, the board of equalization in Burrell's case granted Burrell a "seventy-five per cent (75%) discount factor for lack of accessibility."

The board of tax assessors appealed to the superior court as to the fair market value of Burrell's property. The tax assessors also appealed that portion of the order of the tax equalization board directing the assessors to reassess all mountain land in the county. Burrell's case came on for trial before a jury in Towns Superior Court; and as to both of the foregoing questions, the jury returned a verdict "in

favor of the equalizers."

In Brown's case, the board of equalization found that "farm land was not uniformly assessed with other property of the same class included in the tax digest." The tax equalization board directed "the assessors to reassess all farm land in the county now assessed at a market value of above $600 to a fair market value of $600 per acre." No question was raised in Brown's appeal as to the tax assessors' application of the factors which were in issue in Burrell's case.

The tax assessors appealed to the superior court "as to the fair market value of property owned by Mr. James Brown" and also as to "the decision of the Towns County Board of Equalization directing the assessors to assess all farm land in the county now assessed at a market value of above $600 to a fair market value of $600 per acre." This appeal came on for trial before a jury, and as to each of the foregoing questions of market value, the jury returned a verdict "in favor of the equalizers."

One judgment, consolidating the verdicts of the juries in both Burrell's and Brown's cases, was rendered by the superior court in July of 1976. That judgment, limited by its own terms to only farm and mountain lands, ordered that the tax digest be reassessed by the board of tax assessors by "reassessing the appellees' land and all farm and mountain land to a base value of $600, applying thereto all factors in effect."

The tax assessors then recomputed the 1975 Towns County Tax Digest by putting all land, with the exception of commercial property and city lots, on the digest at a full value of $600 per acre, and without applying such factors as topography, obsolescence, etc. This revised digest was rejected by the State Revenue Commissioner in September of 1976 because it did not meet the requirements of Georgia law that property be returned at fair market value and assessed at 40% of fair market value.

Thereafter, Brown and Burrell filed an application for mandamus and to hold the tax assessors in contempt for failure to recompute the tax digest in accordance with the judgment of the Towns Superior Court.

Prior to holding a hearing on this application, the

trial judge requested the interested parties—the board of tax assessors, the board of tax equalization, the incoming and outgoing county commissioners, representatives from the State Department of Revenue, and Brown's and Burrell's attorneys—to meet in conference. These parties, who were all present at the subsequent hearing, reached a consent agreement as to how to recompute the 1975 tax digest.

Pursuant to this agreement, the superior court entered an order in September of 1976 on Burrell's and Brown's contempt application. This order provided that "[a]ll farm and mountain land now assessed at a base acre value of above $600 shall be reassessed to a base acre value of $600. . . All existing factors used by the Board of Tax Assessors of Towns County which were in effect prior to the lawsuit will be applied, except as specifically changed by the Board of Tax Equalization of Towns County in each individual appeal." This order further provided that, "[a]ll non-commercial and unsubdivided tracts of seventeen (17) acres and larger will be presumed to be farm and/or mountain land. Also all tracts less than four (4) acres will be presumed to be nonfarm and/or mountain land. All tracts between four (4) and sixteen (16) acres will not be affected by any presumption and will be categorized by zoning, if any exists; existing use of the property; covenants and restrictions; and topography within the discretion of the Towns County Board of Tax Assessors. . . All taxpayers shall receive reassessment notices and the Towns County Board of Tax Assessors shall begin immediately to revise the Towns County Tax Digest to reflect the changes required by this Order." The order specified that it was to apply only to the 1975 ad valorem tax digest.

The board of tax assessors then proposed a 1975 ad valorem tax digest for Towns County assessing all tracts of land seventeen (17) acres and above at $600 per acre base value. All tracts of land in the county under four (4) acres were denied the $600 per acre base value. The factors, hereinbefore mentioned, were then applied to these base values, resulting in a proposed 1975 ad valorem tax digest for Towns County.

A sufficient number of appeals of assessments to the

board of equalization were filed after the notices of assessment under this proposed digest were sent out in January of 1977 to prevent submission of the digest to the State Revenue Commissioner. However, a sufficient number of these appeals were subsequently dropped so that the tax digest was submitted to the State Revenue Commissioner and approved by him in April of 1977.

On January 27, 1977, Reubin Walls, in his capacity as Probate Judge - Commissioner of Towns County, filed what was styled an "In Rem Petition in Equity" in Towns Superior Court alleging that due to these legal proceedings Towns County had neither billed nor collected ad valorem taxes for 1975 or 1976. The petition alleged that Towns County was in great and immediate need of tax revenues to provide government services and avoid school closings. The petition prayed for a court order allowing taxes for 1975 to be collected on a temporary basis under the latest proposed tax digest, subject to later adjustment. On January 27, the date this petition was filed, the superior court acted with dispatch in issuing the order prayed for.

One week later the appellants herein, several taxpayers in Towns County who have filed appeals to the board of equalization from their latest notices of assessment, filed a motion for leave to intervene in Walls' action for temporary collection of 1975 ad valorem taxes. Also filed with the motion to intervene were motions to add state and local tax officials, as well as Burrell and Brown, as involuntary plaintiffs or defendants, and a motion to set aside the judgment entered in Brown's and Burrell's cases. The superior court granted the appellants' motion to intervene, but afterward the court entered an order providing that taxes would be collected on a temporary basis under the proposed 1975 tax digest and denying the appellants' motion that some other basis be used for temporary collection of taxes.

No action had been taken on the appellants' motion to add Brown and Burrell as parties in Walls' action. Nor had any action been taken on the appellants' motion to set aside the judgment in Brown's and Burrell's cases. On March 14, 1977, the appellants reasserted these two

motions.

On March 16, 1977, the appellants filed a separate class action in Towns Superior Court seeking to set aside the proposed 1975 tax digest and superior court judgment on which it was based. The local and state tax officials, among others, were named as party defendants. The appellants were denied temporary restraining orders, and interlocutory and permanent injunctions, seeking to prohibit the preparation, approval or use of the proposed 1975 tax digest. This matter came on for final hearing on May 12, 1977. By this date, a sufficient number of taxpayers' appeals to the board of equalization had been dropped so that the State Revenue Commissioner had approved the proposed 1975 tax digest. The superior court found the relief sought against the State Revenue Commissioner was, therefore, moot. An order was entered on May 30, 1977, dismissing the appellants' petition as to the State Revenue Commissioner. The appellants appeal from this order in case number 32993.

The trial court had entered a separate order on May 17, 1977, finding that the relief the appellants sought against the local tax officials, viz., enjoining the temporary collection of taxes under the proposed 1975 tax digest, was also moot. This order also found as to any relief the appellants sought from the assessments on their properties in the tax digest, they had an adequate remedy at law through their appeals to the board of equalization. The appellants appeal from this order in case number 32992.

On May 17, 1977, the superior court entered another order finding that the relief the appellants sought in their motions to intervene in Walls' action for temporary collection of taxes, viz., to set aside the proposed 1975 tax digest and enjoin temporary collection of taxes thereunder, was now moot. The trial judge also found that the appellants had an adequate remedy at law. The appellants appeal from this order in case number 32991.
*Held:*

1. As to the attacks the appellants make concerning the validity of the tax digest and as to the relief the appellants seek from the assessments and valuations placed on their individual properties, they have an

adequate remedy at law through their appeals to the Towns County Board of Tax Equalization.

The appellants maintain that at the time they filed their various motions and petitions in Towns Superior Court seeking to enjoin temporary collection of taxes under the 1975 tax digest and to set aside the digest, the board of equalization had not set their appeal down for a hearing or held a hearing within the time limits provided by Code Ann. § 92-6912 (5) (F) (1) and (2) (Ga. L. 1972, pp. 1094, 1098). Their appeal to the tax equalization board has since come on for a hearing on August 31, 1977. However, it does not appear whether a decision has yet been rendered.

The appellants argue that at the time they were before the superior court, the board's failure to hold a hearing within the time provided by law deprived them of an adequate remedy at law. We do not agree. If a governmental board refuses to hold a hearing as provided by law, the proper remedy is a writ of mandamus to require the board to hold a hearing on the matter in controversy. See *Wallis v. Staples,* 223 Ga. 256 (154 SE2d 207) (1967). See also *Mallard v. Warren,* 222 Ga. 731 (152 SE2d 380) (1966). Therefore, even at the trial level, the appellants had adequate legal means to remedy the board's failure or alleged refusal to hear their appeal. Their argument that the failure of the board to hold a hearing in a timely fashion deprived them of an adequate remedy at law is, therefore, without merit.

Notwithstanding this, the appellants muster additional reasons as to why a hearing before the board of equalization would not have provided them with an adequate remedy at law.

The appellants allege that they could not receive a fair hearing before the board because of the composition of the board. The alleged reason for the appellants' inability to receive a fair hearing before the board is that the board is composed of the same members handing down the decisions eventually resulting in the tax digest which the appellants seek to attack. Another reason is that Brown and Burrell are alternate members of the Towns County Board of Tax Equalization. The appellants point out that because of one resignation, Brown had been appointed to

the board to hear the appellants' appeal; however, the appellants objected to Mr. Brown's serving on the board in their case, and he was disqualified. Had the appellants believed that the other members of the board serving on their appeal were biased or prejudiced, they could have asserted motions to have them disqualified under the provisions of Code Ann. § 92-6912 (8) (Ga. L. 1972, pp. 1094, 1100). Therefore, the appellants had an adequate legal remedy through which members of the board could have been challenged for cause. As a result, it is too late to raise these objections now.

Notwithstanding all this, the appellants cite *Green v. Calhoun*, 204 Ga. 550 (4) (50 SE2d 209) (1948) and *Hutchins v. Howard*, 211 Ga. 830 (3) (89 SE2d 183) (1955), and they argue that under these decisions an appeal to the board of tax equalization is not the correct procedure where, as here, the tax assessors, the superior court, and the board of equalization have acted under an illegal plan or scheme in compiling the tax digest under attack.

*Hutchins v. Howard*, supra, and *Green v. Calhoun*, supra, are distinguishable. In those cases, the taxpayer had brought petitions in equity challenging the actions of the board of tax assessors in systematically increasing the assessments on their realty in their tax returns. The tax assessors had increased the assessments on the taxpayers' realty by an arbitrary percentage for the purpose of raising additional funds for educational purposes. The taxpayers argued that this violated the requirement of the state constitution that all taxation shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax. Art. VII, Sec. I, Par. III (Code Ann. § 2-4603, State Constitution of 1976). "[T]his constitutional provision establishes as a single *class* of property all real property and all tangible personal property . . . [with certain exceptions not applicable here] for ad valorem property tax purposes." (Emphasis supplied.) *Griggs v. Greene*, 230 Ga. 257, 264 (197 SE2d 116) (1973).

It was held in *Hutchins v. Howard*, supra, and *Green v. Calhoun*, supra, that the taxpayers there did not have an adequate remedy at law through statutory arbitration proceedings, since the board of arbitrators lacked the

authority to determine the legal question concerning the uniformity of the entire digest. For similar holdings, see, e.g., *Colvard v. Ridley,* 218 Ga. 490 (128 SE2d 732) (1962) and *Suttles v. Montgomery,* 193 Ga. 128 (17 SE2d 734) (1941). But see *Grafton v. Turner,* 227 Ga. 809 (183 SE2d 458) (1971); *Hawes v. Connor,* 224 Ga. 567 (163 SE2d 724) (1968).

As recognized in *Tax Assessors v. Chitwood,* 235 Ga. 147 (218 SE2d 759) (1975), the decisions in *Green v. Calhoun,* supra, and *Hutchins v. Howard,* supra, "turned upon a construction of the statute creating the system of arbitration, the predecessor of the board of equalization, . . ." 235 Ga. 154. *Chitwood* is controlling here on the question of whether these appellants have an adequate remedy at law for the attacks they level against the tax digest. Under *Chitwood,* the Towns County Board of Tax Equalization has ample remedial authority, pursuant to Code Ann. § 92-6912 (4) (B), supra, to redress the grievances of these taxpayers. They are complaining, in essence, of the utilization in the digest of a systematic subclassification of property in violation of the constitutional requirement of uniformity. They argue that this results in a tax digest based on arbitrary assessments not equal to 40% of the fair market value of the property. This is precisely the type of challenge to the tax digest made by the taxpayers in *Chitwood,* and just as the taxpayers there were held to have an adequate remedy at law through appeals to the board of equalization, so too do these taxpayers. For cases following *Chitwood,* see, e.g., *Barr v. Jackson County,* 238 Ga. 332 (232 SE2d 923) (1977); *Casey v. Landrum,* 238 Ga. 284 (232 SE2d 916) (1977); *Butts County v. Briscoe,* 236 Ga. 233 (223 SE2d 199) (1976); *Chilivis v. Kell,* 236 Ga. 226 (223 SE2d 117) (1976).

2. The appellants' prayers to enjoin county officials from preparing and submitting, and the State Revenue Commissioner from approving, the local tax digest, as well as their prayers to enjoin the temporary collection of taxes under the digest, are now moot.[1]

---

[1] Although the question of temporary collection of taxes under the 1975 tax digest is moot, we do note

Since taxes for 1975 have already been collected on a temporary basis and since the revenue commissioner has already approved the tax digest, and since no supersedeas was obtained from the orders of the trial court refusing to enjoin these things, the denial of injunctive relief now presents a moot question. See *Griffin v. Grantham,* 220 Ga. 474 (139 SE2d 398) (1964) and *Veal v. Riner,* 214 Ga. 539 (106 SE2d 26) (1958).

The appellants also argue that Towns County tax officials have allowed the 1975 assessments in dispute to roll forward to the 1976 digest, under Code Ann. § 92-6202.1, depriving the appellants of their rights to protest the 1976 assessments. Therefore, the appellants argue that the issues raised here are not moot. Code Ann. § 92-6202.1 provides that, "[a]ny taxpayer of any county who returned or paid taxes in such county for the preceding tax year and who fails to return his property for taxation as required by this Chapter shall be deemed to have returned for taxation for the current tax year the same property as was returned or deemed to have been returned in the preceding tax year at the same valuation as such property was finally determined to be subject to taxation in the preceding year. . ." Since the appellants have appealed the valuation placed on their property under the 1975 tax digest to the board of equalization, their property has not been finally determined to be subject to taxation at that valuation. Therefore, their property could not have been returned under Code Ann. § 92-6202.1 for the 1976 tax year at the same assessed valuation the property had been given in the 1975 tax

---

*Blackmon v. Ewing,* 231 Ga. 239 (2) (201 SE2d 138) (1973), which is directly on point. In that case the trial court had ordered the temporary collection of taxes under a tax digest, which had not been approved by the State Revenue Commissioner, and which was under attack. There, as here, it was essential that the county collect taxes in order that it might function. Holding that the trial court was authorized to temporarily direct the payment of taxes on some rational basis, this court affirmed the temporary decree fashioned by the trial court in exercise of its equitable powers.

digest. *Security-Morosgo Apts. v. City of Atlanta*, 230 Ga. 117 (196 SE2d 17) (1973), is inapplicable here. There the taxpayer had returned his property at a given value for one year, and the tax assessors had accepted this valuation. The property was automatically returned under Code Ann. § 92-6202.1 for the subsequent year at the same value. It was held that the taxpayer had no right to arbitrate the value of the property for the subsequent year.

3. The appellants argue that the 1975 Tax Digest is void for basically four reasons: (1) because it is based upon void decisions of the board of equalization and a void judgment of the superior court; (2) because it denies the appellants and other taxpayers similarly situated equal protection and due process; (3) because it is based upon unconstitutional subclassifications of real property; and (4) because the values in the digest are arbitrary and not based on fair market value.

We address only the first two reasons which the appellants advance in support of their contention that the tax digest is void. These resolve themselves into really one argument,[2] which is that the superior court lacked jurisdiction in Brown's and Burrell's cases to determine questions concerning the uniformity of the assessments of entire classes or subclasses of property in the digest in that the court lacked personal jurisdiction over the owners of property within these classes, i.e., the appellants, whose substantial rights were thereby affected. Worded somewhat differently, the appellants are arguing here that the grant to the board of equalization of the authority in a single taxpayer's appeal to order the board of tax assessors to make uniform the entire digest (see Code Ann. § 92-6912 (4) (B), supra) followed by a de novo appeal to the superior court by either the taxpayer or the tax assessors (see Code Ann. § 92-6912 (5) (A) and (6), supra), is unconstitutional.

_____

[2] The appellants also argue that the judgment of the Towns County Superior Court in Brown's and Burrell's cases is void because it is based on procedurally defective pleadings and verdicts and because the verdicts are

In *Chitwood,* supra, the argument was made, and rejected, that the question of the uniformity of a county's tax assessments is a legal question which can be determined only by the courts and not county boards of tax equalization. The argument which the appellants in this case make would deprive even the superior court of the authority to determine questions concerning uniformity of the entire digest unless all property owners in the county who were thereby affected were joined in the action. This is one of those arguments, the very statement of which carries its own seeds of refutation.

Under Code Ann. § 92-6911 (Ga. L. 1937, p. 517, as amended) the board of tax assessors is required to give written notice to the taxpayer of any changes in the assessments in his tax returns. Under Code Ann. § 92-6912 (5) (A), supra, the taxpayer may then appeal to the county board of equalization as to matters of taxability, uniformity of assessment, and value. The appellants in this case were given notice of the changes in the assessments and valuations on their property, and they have appealed to the board of equalization. After the board has rendered its decision, they may then file a de novo appeal to the superior court if they so choose. They may invoke Code Ann. § 92-6912 (4) (B), supra, and argue at each stage of these proceedings that the tax digest contains unconstitutional subclassifications of real property, that as a result of this it is not uniform, and that they are therefore being denied equal protection of the law. The increase in the valuations on their property will not become final until these proceedings have culminated. Under this procedure, the appellants have

---

without evidence to support them. Since the records in these cases, including the instructions to the jury, have not been submitted with the record in this case, we cannot rule on this question. Even if the judgment were subject to being set aside for the reasons alleged, it is doubtful that this would require the digest to be declared void. The digest is proximately based on the order of the superior court incorporating the consent agreement of the parties and not on the earlier judgment.

been denied neither equal protection nor due process of law.

Although *Chilivis v. Kell,* 236 Ga. 226, supra, *Griggs v. Greene,* 230 Ga. 257, supra; and *Ogletree v. Woodward,* 150 Ga. 691 (105 SE 243) (1920) are distinguishable on their facts, the reasoning employed in those cases leads us to the conclusion that the constitutional rights of the taxpayers have not been violated in this case. In *Ogletree* and *Greene* it was argued that the failure of our tax equalization law to provide the individual taxpayers of the counties notice and an opportunity to be heard either before or after the State Revenue Commissioner (previously the State Tax Commissioner)—ordered adjustments in the local tax digest rendered the law unconstitutional. It was held that the requisite notice to the boards of tax assessors, and the opportunity for the boards to arbitrate the increased assessments on behalf of the county, was all that due process of law required. The rights of the individual taxpayers were viewed as being adequately protected by giving them notice and an opportunity to be heard before any adjustments made by the local tax assessors in the valuation placed on their individual property became final.

The appellants also argue that the tax digest is void because it contains unconstitutional subclassifications of property and because the values in the digest are arbitrary and not based on fair market value. As we have stated, these arguments may be made before the board of equalization and, therefore, will not be passed on here.

*Judgment affirmed. All the Justices concur.*

Argued November 22, 1977 — Decided February 22, 1978.

*Smith, Cohen, Ringel, Kohler & Martin, John A. Blackmon,* for appellants.

*Robert A. Del Bello, Martin W. Welch, Arthur K. Bolton, Attorney General, R. Douglas Lackey, Assistant Attorney General,* for appellees.