## 55308. AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA v. PRO-TRAVEL, INC. et al.

McMurray, Judge.

This is a declaratory judgment action.

On or about May 28, 1975, a Cessna 421 aircraft crashed while being piloted by Ronald S. Leventhal and occupied by William L. Stewart. The plane was manufactured and sold by the Cessna Aircraft Company and operated by Pro-Travel, Inc. The crash resulted in severe injuries to Leventhal and the death of Stewart. At the time of the crash a policy of aviation liability insurance was in effect, having been issued by American Bankers Insurance Company of Florida to Pro-Travel, Inc. insuring the aircraft.

Two years after the crash Leventhal filed an action seeking damages for personal injury in the amount of $650,000 against Pro-Travel, Inc., the administrator of the estate of William L. Stewart, deceased, William Swart, d/b/a Swart Aviation (who performed periodic maintenance, service and inspection on the subject aircraft) and Cessna Aircraft Company, the manufacturer.

In the case sub judice American Bankers Insurance Company of Florida has brought a declaratory action against all of the parties, Leventhal and defendants, involved in the main action, contending therein that it has entered a defense for Pro-Travel, Inc. under a reservation of insurer's right to deny coverage and that this defendant is not entitled to coverage under the aforesaid policy for a number of reasons and being uncertain and insecure and unsure of its rights and obligations under the policy with regard to investigation and defense of the personal injury action and with

reference to its obligation to pay any subsequent judgment in the personal injury action, it seeks a declaration of its rights, duties and obligations under the policy in order that it may know what course of action it should take in the future. It prayed for a temporary injunction until such time as insurer's rights should be determined. Plaintiff's prayer for temporary injunction was set down for a hearing and at that time only colloquy and argument occurred as to the granting of said temporary injunction being heard before the court. The only stipulation or admission by the parties through counsel at this hearing appears to be that the main action has been pending three months and that all concerned are moving expeditiously. No evidence was presented by the plaintiff, and indeed it does not appear that it sought to introduce any evidence. Whereupon the court issued its order denying the prayer for temporary injunctive relief. Plaintiff appeals. *Held:*

Error is here enumerated that the trial court abused its discretion and committed error by refusing to restrain and enjoin the parties from proceeding with the personal injury action until the issue in the declaratory judgment action was resolved. We have examined the record and the transcript of the proceedings at the hearing which contains only argument and colloquy. Since no evidence was presented and indeed there appears to be no request by counsel for plaintiff to present any evidence, this court has nothing to review in order to determine whether or not the court has indeed abused its discretion. Under the circumstances we cannot hold that the court abused its discretion in denying the prayer for temporary injunctive relief. *Maynard v. Griffin,* 147 Ga. 293 (93 SE 401); *Brooks v. Carter,* 216 Ga. 836, 837 (1) (120 SE2d 332).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED FEBRUARY 7, 1978 — DECIDED APRIL 5, 1978.

*Powell, Goldstein, Frazer & Murphy, E. A. Simpson, Jr., Robert M. Travis,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Meade Burns, Cullen M. Ward, William C. Lanham, Lewis, Wilson, Cowles, Lewis & Jones, David L. Frazier, Phillips, Hart & Mozley, J. Arthur Mozley, John Wesley Weeks, Gambrell, Russell, Killorin & Forbes, Sewell K. Loggins,* for appellees.